IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER VIRDEN, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1:21-CV-271-RP |
| § | | |
| CITY OF AUSTIN, TEXAS, § | | |
| § | | |
| Defendant. § | | |

## ORDER

Before the Court is Jennifer Virden's ("Virden") Opposed Motion for Temporary Restraining Order. (Mot. TRO, Dkt. 23). In Virden's motion, she asks for "immediate relief while the Court considers her request for a preliminary injunction." (*Id.* at 1). Virden seeks to "fundraise this week and this weekend and next week." (*Id.* at 7). The Court appreciates that Virden wishes to raise campaign funds as soon as possible. However, Virden filed her case on March 25, 2021 and did not immediately file a motion for temporary restraining order. Rather, she filed a motion for preliminary injunction on April 1, 2021. (Dkt. 5). A few days later, Defendant City of Austin, Texas (the "City") appeared and requested an extension of time to respond to the preliminary injunction, which Virden, quite reasonably, did not oppose. (Dkt. 6). After the City filed its response brief, the Court immediately set a conference. (Dkt. 11).

Before the conference was held, the City filed its motion to dismiss. (Dkt. 14). At the conference, the Court and the parties discussed the way forward. (Dkt. 16). The Court indicated that it intended to take up the City's jurisdictional arguments. Virden expressed her desire to move quickly and to respond to the City's motion to dismiss before the Court ruled on it. Given that the May 1, 2021 election was two days later, on a Saturday, it was not possible to resolve the motion to dismiss, which was not ripe for ruling, and hold a preliminary injunction hearing before that election.

1

Virden agreed to file her response to the motion to dismiss quickly. It was filed about two weeks later on May 10, 2021. (Dkt. 17). After receiving both a reply from the City and a sur-reply from Virden, the Court issued its order denying the City's motion to dismiss on May 21, 2021. (Dkt. 21). A few days later, the Court set the case for a telephone conference. (Dkt. 22). Now, Virden has filed her motion for a temporary restraining order. (Dkt. 23).

A temporary restraining order is designed to provide emergency, ex parte relief. Fed. R. Civ. P. 65(b). In this case, there is already a pending motion for preliminary injunction in which the defendant has appeared and responded. The parties are aware that the Court needed to resolve the City's jurisdictional challenge—and Virden wanted to respond to the City's challenge—and that the preliminary injunction is now ripe for the Court's consideration. Just as the Court believes the parties have been expeditiously and fairly litigating this case, the Court believes the parties understand the Court is striving to expeditiously resolve motions in this case. *See* Fed. R. Civ. P. 65(b)(3). The Court has set this case for a conference after Memorial Day weekend on June 1, 2021 and, after learning from the parties what they anticipate needing, intends to set a hearing for Virden's preliminary injunction motion either during that conference or soon after. Based on the posture of this case, the parties' and the Court's expeditious handling of the case, and the Court's upcoming conference on Tuesday, the Court concludes that Virden's motion for temporary restraining order is duplicative of the relief Virden properly seeks through her motion for preliminary injunction that is already pending before this Court.

For these reasons, **IT IS ORDERED** that the Virden's Opposed Motion for Temporary Restraining Order, (Dkt. 23), is **DENIED**.

**SIGNED** on May 27, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2