**E<sub>XHIBIT</sub> 12**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER VIRDEN,<br>    *Plaintiff,* | : : : | |
| vs. | : : | No. 1:21cv271-RP |
| CITY OF AUSTIN,<br>    *Defendant.* | : : : : | |

# WILLIAM CLARK'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

## INTERROGATORIES

1. Identify all persons, other than those already listed in Part A of Plaintiff's Amended Initial Disclosures dated October 3, 2022, who you believe have knowledge of relevant facts and identify, including for those already listed in Part A of Plaintiff's Amended Initial Disclosures dated March 15, 2022, the issues upon which you believe they have knowledge to the extent they differ from Plaintiff Vird-en's identification of such issues as to them.

*Response:* The Amended Initial Disclosures served on October 3, 2022 were served on behalf of both Plaintiffs Virden and Clark. Clark has no further disclosures responsive to Part A.

2. Identify each residence, including street address, city, state, ZIP code, and the dates (inclusive) of such residence, for you since October 16, 2017.

*Response:*
October 2014 until January 2021 Residence, Sold March 3, 2021
3634 Ranch Creek Drive
Austin, Tx 78730

January 2021 until Present:
28122 E. Benders Landing
Spring, Tx  77386

1

3. Identify each address at which you have lived, or that you have inhabited, for thirty or more consecutive days, including street address, city, state, ZIP code, and the dates (inclusive) of such living or inhabiting, since October 16, 2017.

*Response:* Same as response to Interrogatory No. 2.

4. Describe your duties as Volunteer Coordinator for Plaintiff Virden's 2020 campaign for Austin City Council District 10, including when you took that position, when it ended, and what compensation you received for that work.

*Response:*
Took on the position as volunteer coordinator approximately August 2020 until the conclusion of the campaign on the day of the runoff December 15th 2020. Unexpectedly received $3,000 (i forget the exact amount) from the campaign as compensation for work after the runoff.

Managed, organized, and trained all 500+ volunteers including all written and verbal communication, meetings, assigning tasks, and provided support and materials to ensure tasks were completed which included block walking and distribution of campaign literature to targeted households in District 10. phone banking, electioneering, online presence, and campaign events. Worked closely with field managers to erect large campaign signs and deliver yard signs while recruiting volunteers to display additional signs.  Assigned territories for volunteers to assign specific households to be targeted by the campaign.  Served as liaison between volunteers and supporters for campaign ideas and issues important to voters to be shared with the candidate, campaign manager, and field coordinator. Designed some of the campaign mailers, literature, and signs used for electioneering and attended meetings with Candidate, Campaign Manager, and Field Coordinator to devise campaign strategy and tactics.


5. Identify, including the amount and the date, any and all campaign contributions by you in connection with a City of Austin election (Mayor, city council, or ballot measure) to a candidate or a political committee since October 17, 2017.

*Response:*
Please see attached results from a search of the City of Austin campaign finance data records, showing Clark's contributions.

6. Identify, including the amount and the date, any and all campaign contributions by you in connection with a city, state, or federal election (other than a City of Aus-tin election for Mayor, city council, or ballot measure) to a candidate or a political committee since October 17, 2017.

***Response:*** See attached Excel file, showing contributions from Mr. Clark reported by federal campaigns and political committees. Note column AF shows relevant information regarding earmarked contributions.

No contributions to nonfederal candidates are reflected in any reports to the Texas Ethics Commission; Clark is continuing to consider whether he made any contributions to other nonfederal candidates and will supplement this response.

7. Identify the occurrence or event that proximately caused you harm and sup-ports your claim for nominal damages in your Second Amended Complaint (Doc. 57) in this case.

***Response:***
The harm is the inability to support Virden's campaign as early as he wanted to and would have with his monetary contributions, because the blackout period forced him to wait until the fundraising window opened. The forced delay is a violation of his constitutional right to associate with a political campaign by contributing his funds at the time of his choosing. This harms his associational and expressive rights under the First Amendment directly by preventing his immediate expression and association represented and effectuated by a monetary contribution. Virden's inability to accept his desired contributions immediately also directly harms Clark as a contributor, in that Virden, as a candidate, serves as the leader of the political movement represented by her campaign and her inability to accept contributions of funds as soon as she wants them harms the entire campaign, which First Amendment law recognizes as an association for political change. *See Anderson v. Celebrezze*, 460 U.S. 780, 790-94 (1983); *id*. at 792-93 ("[A]n election campaign is an effective platform for the expression of views on the issues of the day, and a candidate serves as a rallying point for like-minded citizens."), and burdens on candidacies burden voters' "choice[s] on the issues as well." *Williams v. Rhodes*, 393 U.S. 23, 33 (1968). Clark is entitled to nominal damages in the event the court agrees that his constitutional rights were/are violated, even in the absence of actual damages. *Carey v. Piphus*, 435 U.S. 247 (1978).

8. Describe any and all activities, including fundraising activities, in which you have engaged since December 16, 2020, in support of Jennifer Virden's campaign for Austin Mayor in the November 2022 General Election.

***Response:*** None, other than making his personal contribution to the campaign.

9. Describe any and all activities, including fundraising activities, in which you have engaged since December 16, 2020, in support of any candidate (other than Jennifer Virden) in the November 2022 General Election.

***Response:*** None.

3

        Respectfully submitted,

        */s/ Jerad Najvar*
        NAJVAR LAW FIRM PLLC
        Jerad Wayne Najvar
        Texas Bar No. 24068079
        jerad@najvarlaw.com
        2180 North Loop West, Suite 255
        Houston, TX 77018
        Phone:    (281) 404-4696
        Facsimile:  (281) 582-4138
        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document, and any accompanying exhibits and proposed order, were served on November 22, 2022, as follows:

Renea Hicks
Counsel for City of Austin

        */s/ Jerad Najvar*
        Jerad Najvar

4