```
 1                 UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                       AUSTIN DIVISION

 3  JENNIFER VIRDEN            ) Docket No. A 21-CA-271 RP
                               )
 4  vs.                        ) Austin, Texas
                               )
 5  CITY OF AUSTIN, TEXAS      ) February 1, 2022

 6

          TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
 7           BEFORE THE HONORABLE ROBERT L. PITMAN

 8

 9  APPEARANCES:

10  For the Plaintiff:      Mr. Jerad W. Najvar
                            Najvar Law Firm
11                          2180 North Loop West, Suite 255
                            Houston, Texas 77018
12

13

14  For the Defendant:      Mr. Max Renea Hicks
                            Law Office of Max Renea Hicks
15                          P.O. Box 303187
                            Austin, Texas 78703
16

17

18  Court Reporter:         Ms. Lily Iva Reznik, CRR, RMR
                            501 West 5th Street, Suite 4153
19                          Austin, Texas 78701
                            (512)391-8792
20

21

22

23

24

25  Proceedings reported by computerized stenography,
    transcript produced by computer-aided transcription.
```

```
09:49:41   1              THE COURT:  This is Judge Pitman.  Thank you so
09:49:42   2   much for calling in today.  I'm going to ask the clerk to
09:49:45   3   call the case and if you could make announcements for the
09:49:45   4   record.
09:49:48   5              THE CLERK:  A-21-CV-271, Jennifer Virden vs. City
09:49:53   6   of Austin, for telephone conference.
09:49:58   7              MR. NAJVAR:  I'm sorry.  This is Jerad Najvar for
09:50:01   8   the plaintiff.
09:50:02   9              MR. HICKS:  And Renea Hicks for Defendant City of
09:50:05  10   Austin.
09:50:05  11              THE COURT:  And good morning again.  Thank you
09:50:07  12   for calling in today.
09:50:08  13              Just wanted to get both of you on the line to
09:50:11  14   talk about where we are in the case and what you need from
09:50:14  15   us next.  It occurred to me that we might -- given the
09:50:20  16   events of the past few months that we might be back in
09:50:30  17   position of needing to set a scheduling order in the case,
09:50:33  18   but I wanted to just check in with you, get your
09:50:36  19   perspective on where we go from here.
09:50:37  20              Mr. Najvar, do you have -- do you want to kind of
09:50:41  21   give us your perspective?
09:50:45  22              MR. NAJVAR:  Yes, your Honor.
09:50:46  23              I think -- yeah, I mean, I think where we are is
09:50:49  24   like you said, we probably should enter a scheduling order
09:50:52  25   and, you know, I'd imagine that the city wants a little
```

```
09:50:55   1  time for discovery and Virden would, as well.  So -- but I
09:51:03   2  think the discovery period can be pretty short, at least
09:51:07   3  the way I look at the case, because it's primarily legal
09:51:12   4  issues, but you know, there's always factual underpinnings
09:51:15   5  to those arguments.
09:51:16   6           So, I mean, I would -- I'm thinking a short
09:51:20   7  discovery period, maybe 60, 90 days is what I would
09:51:24   8  suggest to Mr. Hicks and to the Court.  But, you know, so
09:51:28   9  I'd suggest what I'd like to do is maybe come up with a
09:51:32  10  scheduling order that, you know, sets out a pretty brisk
09:51:37  11  schedule so we can move forward with, you know, I guess,
09:51:42  12  disclosures and -- or maybe not even disclosures.  I think
09:51:46  13  in the Zimmerman case, we might have sort of foregone the
09:51:52  14  disclosure period and just went into a short discovery
09:51:54  15  period.
09:51:54  16           But, you know, that's basically where I am just,
09:51:58  17  you know, I think a short period for discovery and then,
09:52:01  18  we'll probably both file dispositive motions, I would
09:52:03  19  think.
09:52:05  20           THE COURT:  Okay.  Mr. Hicks, leaving the details
09:52:09  21  for negotiation between the two of you, do you generally
09:52:12  22  agree that that will be a way forward?
09:52:15  23           MR. HICKS:  I'm not so sure.  I'm not sure why it
09:52:19  24  has to be a short -- we had a short discovery period in
09:52:22  25  the Zimmerman case, for instance, because Judge Yeakel
```

```
09:52:28   1  collapsed the preliminary injunction hearing and the final
09:52:30   2  pretrial in one proceeding so that was different than here
09:52:33   3  where we've already gone past the preliminary injunction
09:52:36   4  phase.
09:52:37   5           We have -- I mean, Mr. Najvar and I haven't had
09:52:41   6  the Rule 26(f) conference that we were supposed to have.
09:52:44   7  So that seems to at least hash out some of the details
09:52:49   8  here, timing and things like that, to see if we might
09:52:51   9  agree.  I generally agree that this is -- there is a
09:52:54  10  chance this can be handled on dispositive motions after
09:52:57  11  discovery, but one of the things that I have to do is to
09:53:02  12  evaluate the need for an expert, whether to retain one.  I
09:53:08  13  have to double check with the city obviously to see if we
09:53:10  14  could spend the money on it.  If I decide that, I think
09:53:14  15  that's the best way to go.  So that's a little bit of
09:53:17  16  work.
09:53:18  17           I don't -- I'm not opposed to moving at a decent
09:53:23  18  pace.  I don't see the need for moving at that rapid pace,
09:53:28  19  accelerated pace.  I'm assuming that -- I mean, we're in
09:53:33  20  the middle of a campaign now.  Not in the middle of but
09:53:37  21  the beginning of, really, campaign for mayor's race that
09:53:42  22  starts -- I mean, that ends November 8th maybe.  Could be
09:53:46  23  in a runoff back into mid-December, finish canvassing.  So
09:53:51  24  this particular election phase won't even be complete
09:53:55  25  until basically the end of this year.  So I don't know
```

```
09:53:57   1  that we need to hurry in advance of that because I don't
09:54:01   2  think there's any fundraising window issue until after the
09:54:06   3  completion of this race in terms of the fundraising for
09:54:10   4  the next race.  But that's something that Mr. Najvar and I
09:54:14   5  can talk about in the Rule 26(f) conference.
09:54:16   6          Let me just mention one other thing here.  I've
09:54:19   7  got -- or two other things, really.  I've got two trials
09:54:25   8  set potentially.  One definitely set and the other one
09:54:29   9  like may be set and I just wanted to mention that while
09:54:33  10  we're here.  One would be roughly a two-week trial out in
09:54:37  11  El Paso.  It's one of the redistricting cases, starting
09:54:41  12  September 28th in the three-judge court there that Judge
09:54:44  13  Judge Guaderrama is presiding over.  So I have to work
09:54:47  14  around that.
09:54:48  15          Plus I have a original jurisdiction case in the
09:54:52  16  U.S. Supreme Court involving the Rio Grande River where I
09:54:55  17  represent not a party but an enhanced amicus, I guess is
09:54:59  18  the term we've used, and that's if certain settlement
09:55:03  19  discussions that are underway don't complete by -- soon,
09:55:08  20  we'll have a trial that will last maybe a month or nearly
09:55:11  21  a month starting in mid-August likely.  So I have to work
09:55:15  22  around those two things and one of them's not even firmed
09:55:17  23  up yet.
09:55:18  24          So I just have some scheduling issues I need to
09:55:21  25  discuss, I think initially, with Mr. Najvar in the Rule
```

```
09:55:28   1   26(f) conference that we have to have before doing
09:55:30   2   disclosures or waiving them, or whatever.  And I just
09:55:32   3   wanted to mention all that so everybody understands at
09:55:38   4   least my scheduling situation now and my view about the
09:55:40   5   schedule for this.
09:55:42   6           THE COURT:  Sure.  Okay.  Well, I don't want to
09:55:46   7   get into the weeds and get involved in something that the
09:55:47   8   two of you, I'm sure, will be able to resolve on your own,
09:55:52   9   taking into account your respective needs and preferences.
09:55:56  10           So what I'll do then is why don't you have your
09:56:00  11   Rule 26 conference, get that kicked off and start moving
09:56:07  12   toward filing a scheduling order, and you know, sometime,
09:56:13  13   let's say, within 30 days, get us a scheduling order.  And
09:56:18  14   if you do have difficulty reaching agreement, we can have
09:56:25  15   another phone conference about that.  But obviously it's
09:56:29  16   always my preference to get a joint scheduling order, not
09:56:33  17   referee dates for you.  So let me let you give that an
09:56:38  18   opportunity first and if you hit a snag, then I'll get
09:56:43  19   involved at that point.
09:56:44  20           Does that sound okay with you, Mr. Najvar?
09:56:47  21           MR. NAJVAR:  Yes, your Honor.
09:56:48  22           THE COURT:  Okay.  Mr. Hicks?
09:56:49  23           MR. HICKS:  Yes.
09:56:50  24           THE COURT:  Great.  Anything else we need to talk
09:56:52  25   about today then?  All right.  Well, we look forward to
```

```
09:56:58   1  hearing from you within 30 days of today, then we'll
09:57:04   2  reconvene on the phone and talk about what you've proposed
09:57:08   3  and get some -- get an order entered and we'll go from
09:57:11   4  there.
09:57:13   5            MR. HICKS:  Thank you, your Honor.
09:57:14   6            THE COURT:  Thank you so much.  Have a great day.
09:57:16   7            MR. NAJVAR:  Thank you, your Honor.
           8            (Proceedings concluded.)
```

*LILY I. REZNIK, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

1                       * * * * * *

2

3  UNITED STATES DISTRICT COURT  )

4  WESTERN DISTRICT OF TEXAS     )

5

6      I, LILY I. REZNIK, Certified Realtime Reporter,

7  Registered Merit Reporter, in my capacity as Official

8  Court Reporter of the United States District Court,

9  Western District of Texas, do certify that the foregoing

10 is a correct transcript from the record of proceedings in

11 the above-entitled matter.

12     I certify that the transcript fees and format comply

13 with those prescribed by the Court and Judicial Conference

14 of the United States.

15     WITNESS MY OFFICIAL HAND this the 26th day of October,

16 2023.

17                              *Lily Iva Reznik*

18                              ~~~~~~~~~~~~~~~~~~~~~~~~
                                 LILY I. REZNIK, CRR, RMR
19                               Official Court Reporter
                                 United States District Court
20                               Austin Division
                                 501 West 5th Street,
21                               Suite 4153
                                 Austin, Texas 78701
22                               (512)391-8792
                                 SOT Certification No. 4481
23                               Expires: 1-31-25

24

25